UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>EDWARD C. BOYER.<br><br>           Defendant. | CASE NO. 15-mj-05032 JRC<br><br>ORDER TO SHOW CAUSE AND FOR ADDITIONAL BRIEFING |

    Defendant has brought a motion for immediate initiating of restoration procedures (Dkt. 26). Defense counsel has also filed a declaration stating that defendant has remained at the Federal Detention Center without receiving any restorative treatment, even though this Court issued its order requiring restoration over one month ago (Dkt. 27, *citing* Dkt. 24). Defendant's counsel also notes that defendant has been in custody since March, 4, 2015 – almost five months.

    Defendant's counsel has raised some legitimate concerns regarding whether or not defendant's due process rights have been violated. But, until and unless the Court is satisfied that it has authority to grant the relief requested, and until and unless this Court has a record upon

ORDER TO SHOW CAUSE AND FOR
ADDITIONAL BRIEFING - 1

which to issue such an order, this Court cannot determine whether or not the requested relief should be granted.

Authority.  Although defendant has asked this Court to order the Bureau of Prisons "to immediately secure a bed" so that restoration can begin (Dkt. 26, page 7), it is unclear what statutory authority this Court has to issue the order requested.  Although defense counsel notes that two courts have ruled that a defendant's due process rights are violated because of their continued confinement in a pretrial setting, *Oregon Advocacy Center v. Mink*, 322 F.3d 1101 (9th Cir. 2003) and *Trueblood v. DSHS*, C14-ll78 MJP, in both of those cases the person or entity who had custody and control of the criminal defendants were parties to those civil lawsuits.  In this criminal case, neither the Bureau of Prisons, nor the warden, nor any other individual or entity who has custody of the defendant is a party to the proceedings.  It should be noted that part of this Court's order on June 23, 2015 (Dkt. 24) committed defendant "to the custody of the Attorney General."  Therefore, it is unclear upon what authority this Court can issue an order in a criminal proceeding, directing a nonparty charged with his custody and treatment to do anything.

For instance, had Mr. Boyer filed a civil habeas corpus petition, then the respondent would have an opportunity to respond.  Again, for instance, had Mr. Boyer filed a civil *Bivens* action (*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), then the person or entity who allegedly violated his constitutional rights would be a party/defendant to the action.  This motion is neither a habeas corpus petition, nor a *Bivens* action.  Therefore, it is unclear upon what basis this Court has authority to grant the relief requested.

Defense counsel correctly points out that the Government's briefing on this issue has missed the mark.  But, unfortunately, defense counsel's briefing fails to address this issue, either

and he cites no authority for the proposition that a Court has the power to order the Attorney General or the BOP to carry out their statutory duty without either of them being a party to the proceeding, or what power this Court has to effectuate any other remedy should it determine that defendant's constitutional rights have been violated.

The parties are ORDERED to provide additional briefing on this issue within seven (7) days of the issuance of this order.

Factual record.  The Government has provided no factual explanation, supported by affidavit or declaration, as to why defendant has not yet received treatment.  Statements in a legal memorandum are not admissible evidence.  Therefore, this Court is ordering the Government to show cause within seven days of this order why defendant has not received any restorative treatment since the Court issued the order on June 22, 2015.

Furthermore, defense counsel's affidavit has identified a single issue – the fact that defendant has remained at the Federal Detention Center for over five weeks after the Court's order, without being assigned a bed for restorative treatment.  Perhaps that is enough to show a constitutional violation, and the Court has not decided that issue as yet, but if defense counsel intends to make a record of any other consequences of this delay that affect defendant's constitutional rights, then he must supplement the record within seven days of this order.

The Court will rule upon defendant's motion (Dkt. 26) following receipt of the materials requested above.

Dated this 30th day of July, 2015.

J. Richard Creatura
United States Magistrate Judge